

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LJF:AEG
F.#2010R01542

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 11, 2010

**By Hand and ECF**

The Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  In the Matter of an Application
>      Misc. Docket No. 10-550

Dear Judge Mauskopf:

The government respectfully submits this letter to notify the Court of a Third Circuit decision published since the government's previous submission in the above-referenced matter. In In re Application, --- F.3d ----, 2010 WL 3465170, at *13 (3d Cir. Sept. 7, 2010), the court vacated one of the few decisions holding that the government must obtain a search warrant to require a cellular telephone service provider to disclose historical cell site data.[1]  The court held that as a statutory matter historical cell site data "is obtainable under [an 18 U.S.C.] § 2703(d) order and that such an order does not require the traditional probable cause determination."  Id. at *7.  The court also held, however, that the language of Section 2703(d) permits a magistrate judge in a particular case to require that the government apply for a warrant rather than for a Section 2703(d) order to obtain historical cell site data.  See id. at *9, *13.  Aside from noting that imposing such a requirement "is an option to be used sparingly," the court did not indicate what principle should govern a magistrate's decision whether to require a warrant.  Id. at *13.

In a concurring opinion, Judge Tashima of the Ninth Circuit, sitting by designation, aptly explained why the

---

[1] The government noted the underlying decision, In re Application, 534 F. Supp. 2d 585 (W.D. Pa. 2008), aff'd, 2008 WL 4191511 (W.D. Pa. Sept. 10, 2008), and the then-pending appeal in its August 31, 2010 letter at page 4 n.6.

majority's conclusion that a magistrate may require the government to obtain a warrant is mistaken.  "[T]he majority's interpretation of the statute, because it provides no standards for the approval or disapproval of an application for an order under § 2703(d) . . . vests magistrate judges with arbitrary and uncabined discretion to grant or deny issuance of § 2703(d) orders at the whim of the magistrate, even when the conditions of the statute are met."  Id. at *14 (Tashima, J., concurring) (footnote omitted).

    Neither the majority nor the concurring opinion reached a conclusion as to whether the Fourth Amendment required the government to establish probable cause to obtain historical cell site data, as held by Judge Orenstein.  Because the Third Circuit did not resolve the constitutional issues underlying Judge Orenstein's ruling, the decision should have little if any impact on the government's application here.  As noted above, the government disagrees with the Third Circuit majority's conclusion that the language of Section 2703 permits a magistrate judge to dispense with the lower standard established by that statute and require the government to obtain a warrant for historical cell site data.  The government is prepared to submit further briefing on this issue at the Court's request.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:       /s/
    Andrew E. Goldsmith
    Assistant U.S. Attorney
    (718) 254-6498